Liu v. Lynch

BIA
Poczter, IJ
A201 122 234
A205 631 257

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand sixteen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> DENNY CHIN,
> *Circuit Judges.*

_____

WEN LIU, CUI LI LIN,
> *Petitioners,*

v.                                              15-2824
                                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        Farah Loftus, Los Angeles,
                        California.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Deputy
                        Assistant Attorney General; Jesse M.
                        Bless, Senior Litigation Counsel;
                        Jennifer A. Bowen, Trial Attorney,
                        Office of Immigration Litigation,
                        United States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Wen Liu and Cui Li Lin (together, the "Petitioners"), natives and citizens of the People's Republic of China, seek review of an August 20, 2015 decision of the BIA affirming a November 12, 2013 decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Liu, Cui Li Lin,* Nos. A201 122 234, A205 631 257 (B.I.A. Aug. 20, 2015), *aff'g* Nos. A201 122 234, A205 631 257 (Immig. Ct. N.Y. City Nov. 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant,"

2

and on inconsistencies in the record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Petitioners were not credible as to their claim that they were detained and beaten on account of their Christian faith and that Lin suffered a miscarriage as a result.

The IJ reasonably found that Petitioners gave the impression that their testimony was memorized from a script. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) ("the IJ has the unique advantage in making credibility findings of having heard directly from the applicant.") (internal quotation marks omitted). That finding is supported by the record because both Liu and Lin were hesitant and unresponsive, or testified inconsistently with one another, when asked about information that was not provided in their applications. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-67 & n.3.

Liu was initially unresponsive when asked how long he and Lin had been detained in the same room together and how often Lin had discussed Christianity with the coworker who introduced

3

them to church. Liu ultimately provided answers that were inconsistent with Lin's answers. In addition, Petitioners testified inconsistently regarding the following: (1) whether Liu was home when Lin used a home pregnancy test to determine if she was pregnant; (2) whether Liu was at work when Lin went to the doctor to confirm her pregnancy; and (3) whether Liu went alone or with Lin to apply for a birth permit. *See Xiu Xia Lin*, 534 F.3d at 164-65. The IJ was permitted to rely on these inconsistencies regardless of whether they related to the heart of Petitioners' claim. *See id.* at 167; 8 U.S.C. § 1158(b)(1)(B)(iii). Even so, as the IJ concluded, Lin's pregnancy was related to her and Liu's claim of religious persecution because they asserted that they began attending church due to their difficulties with conception and that Lin miscarried as a result of being beaten for her religious practice.

In making its adverse credibility finding, the agency reasonably relied on Petitioners' failure to submit corroborating evidence sufficient to rehabilitate their testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). It reasonably gave little weight to unsworn letters from their relative and friends. *See Y.C. v. Holder*,

4

741 F.3d 324, 334 (2d Cir. 2013). Petitioners' remaining evidence did not corroborate their claim of past harm.

Given Petitioners' demeanor, their inconsistent testimony, and the lack of corroborating evidence, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk